UNITED STATES of America, Plaintiff–Appellee,

v.

Melisa Lee–Ann BORKOWSKI, Defendant–Appellant.

No. 98–2226.

United States Court of Appeals, Sixth Circuit.

Oct. 2, 2001.

**346**

Before NELSON, BOGGS, and BATCHELDER, Circuit Judges.

PER CURIAM.

Melisa Borkowski pled guilty to Count One of a four-count indictment charging her with uttering counterfeit United States currency, in violation of 18 U.S.C. § 471. She was eighteen years old at the time, had made multiple copies of one-dollar and twenty-dollar bills on her father's color photocopier, and passed the counterfeit notes with the help of two friends, ages sixteen and seventeen. At sentencing, she received a two-level enhancement for using a minor in the offense. This brought her offense level to fourteen, with a criminal history category of III. She was sentenced to twenty-one months of imprisonment, the lowest sentence possible for that level.

Borkowski appeals her sentence on the grounds that applying to her the enhancement provided in the Guidelines for use of a minor exceeds Congressional authorization. Legislation prompting the enhancement, part of the Violent Crime Control and Law Enforcement Act of 1994, provided as follows:

> (a) Directive to the Sentencing Commission. (1) The United States Sentencing Commission shall promulgate guidelines or amend existing guidelines to provide that a defendant 21 years of age or older who has been convicted of an offense shall receive an appropriate sentence enhancement if the defendant involved a minor in the commission of the offense.

Pub. L. 103–322, § 140008, 108 Stat. 1796 (1994).

The Sentencing Commission responded to this directive with USSG § 3B1.4, which provides as follows:

> *Using a Minor to Commit a Crime*
>
> If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels.

When the Sentencing Commission promulgated this amendment, it drew attention to the fact that it did so creatively:

> This amendment implements the directive in Section 140008 of the Violent Crime Control and Law Enforcement Act of 1994 (pertaining to the use of a minor in the commission of an offense) in a slightly broader form by adding a new § 3B1.4 (Using a Minor to Commit a Crime).

USSG App. C Amend. 527 (1995).

After the district court sentenced Ms. Borkowski, and after oral argument in this case, the Sixth Circuit decided *United States v. Butler*, 207 F.3d 839 (6th Cir. 2000). In that case, over the cogent reasoning of Judge Clay (*id.* at 844–46), two judges of the panel explicitly held that § 3B1.4 was invalid to the extent that it applied to criminals who committed their crimes when under the age of twenty-one. *Id.* at 849–52. It is true that this was an alternative basis for requiring a reduction in the defendant's sentence. Judge Clay would have reached the same result under an application of § 3B1.4. *Id.* at 846–48. However, it does appear to be a square holding, by which we are bound.

We also note that three other circuits have disagreed with this interpretation. See *United States v. Ramsey*, 237 F.3d 853, 855–58 (7th Cir.2001); *United States*

*v. McClain,* 252 F.3d 1279, 1287–88 (11th Cir.2001); *United States v. Murphy,* 254 F.3d 511, 512–14 (4th Cir.2001). Despite this clear circuit conflict, in which we are clearly in a minority and which the Supreme Court will ultimately have to resolve, we are bound by the holding in *Butler.* We therefore reverse and remand with instructions for the district court to resentence in accordance with this opinion and with *Butler.*